JOHN DONAHUE v. THE STATE.

No. 8937.   Delivered May 20, 1925.

Rehearing denied June 24, 1925.

1.—Sale of Intoxicating Liquor—Charge of Court—Defensive Issue—Correctly Presented.

Where on trial for selling intoxicating liquor, the evidence is conflicting as to whether the transaction was a sale or a gift, the issue being fairly and correctly submitted to the jury, their verdict will not be disturbed.

**2.—Same—New Trial—Statement of Facts—Filed Too Late—Practice on Appeal.**

Where on the hearing of a motion for a new trial, evidence is heard on the issue of misconduct of the jury, the statement of facts, presenting the evidence heard, must be filed during term time. Where evidence is heard on such a motion and is conflicting, such conflict being primarily for the decision of the trial Judge, his action will be binding upon us.

**3.—Same—Bills of Exception—Unless Complete—Not Considered.**

Appellant complains of the admission of testimony, but his bill of exceptions presenting the matter, does not make manifest the error objected to. The rule is well settled in this State that every bill of exceptions must make plain the error of the matter complained of, and the bill under consideration fails to measure up to this will settled rule.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the state penitentiary.

The opinion states the case.

*Chastain, Judkins & Dodson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

B. O. Harrison testified that he got a bottle of whisky from appellant; that he called for a pint and that appellant said he did not sell it by that size. Witness said he asked appellant what it was worth and he said $1.50, and witness told him that he did not have the money but would pay him when his pay-check came. Appellant said something to him about "Go on with it", but said nothing to him at that time to the effect that he was giving him the whisky, or that he did not expect him to pay for it. After appellant was indicted he came to witness and told him that he would not charge him for the liquor. Aside from the statement testified to by this witness that appellant told him to "Go on with it", there is nothing in the record supporting or suggesting the proposition that the transaction was other than a sale for which appellant expected pay when the check of the witness came. It is in testimony that a few days later the officers went with said witness to appellant's place, and that a request was made of him at that time to sell some whisky,

to which he replied that he was sorry he was out, that he had just sold all he had.

Appellant combated the proposition of sale, and testified that he did not sell the State witness any whisky, but said that he gave him a small quantity in a beer bottle because said witness told him his wife was sick. The two men were in conflict as to whether anything was said about the wife of State witness being sick, one affirming and the other denying it. Appellant introduced two witnesses who testified that State witness Harrison said that he did not buy any whisky from appellant. One of these men avers that the statement was made in answer to a direct question put by him to Harrison. The occasion testified to by both men was the same and their testimony is in conflict with each other on a number of points. The one of said witnesses who stated that he asked Harrison the direct question if he bought any liquor from appellant, admitted to being a strong friend of appellant, and that he came from Desdemona to Eastland to get a bond made for appellant. He said he was in the real estate and oil lease business, but admitted he did not have much business at the time he was testifying. Appellant introduced another witness who testified that on a different occasion from that referred to by the two witnesses just mentioned, he heard Harrison say that he did not buy any whisky from appellant. This defense witness had bought a hotel from appellant some three years prior to this transaction, and admitted that he was a very close friend of appellant, and that appellant always stopped with him when in his town, etc. etc. These matters of conflict were for the jury, and if the State witness made out a case, it would not ordinarily be disturbed by us.

The charge of the court on the question of sale contained the following:

"You are further instructed that by the term 'Sale' as hereinabove referred to is meant an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price. A contract by which property is transferred from the seller to the buyer for a fixed price in money is money paid or agreed to be paid by the buyer.

"In this connection you are charged that if you believe from the evidence that at the time of the alleged sale as charged in the indictment, there was no intention on the part of the defendant to sell the prosecuting witness liquor and no intention to accept pay or compensation therefor, but at the time of the transaction it was the intention of the defendant to make a gift of said whisky to the prosecuting witness, or if you have a reasonable doubt in this connection, you will acquit the defendant and say by your verdict 'Not Guilty.' "

The facts being substantially as stated by us above, and the court having pointedly called the attention of the jury in the charge just quoted to the question as to whether there was any intention to make a sale or a gift, we are unable to agree with appellant's insistence that the facts do not support the verdict of the jury.

Finding no error in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant files a motion setting up that he was mistaken as to the date of the original submission of this case, and for that reason did not brief it. The appeal was filed in this court on August 8, 1924, and was not submitted until May 1925. This would seem to be ample time in which to prepare and file brief, the points raised being simple, and there being but two bills of exception in the transcript.

Bill of exceptions No. 1 complains of the refusal of a new trial sought apparently because of alleged misconduct of the jury. The trial term of the court below ended on June 2, 1923, and the bill of exceptions referred to embodying the testimony heard by the court on the presentation of the motion for new trial, was not filed until August 15, 1923. Such a bill of exceptions we have uniformly held must be filed during term time. We have looked over the bill, how ever, and if it had been filed properly and was before us, we would be compelled to hold that it presents no error because the testimony heard was conflicting and being primarily for decision of the trial judge, his action would be considered as binding upon us.

The only other bill of exceptions was taken to the fact that the State asked a witness to detail the circumstances of the finding of a still and equipment at a certain house where the defendant was working some weeks before the time of the alleged sale, and to witness being asked as to the discovery of another still. There is nothing in the bill making manifest the error of the matters thus objected to. In the absence of some facts stated showing that the testimony was not material to any issue in any way, we cannot appraise the value of such objection. The rule is well settled in this State that every bill of exceptions must make plain the error of the matter therein complained of, and the bill under consideration fails to measure up to this well settled rule.

Being of opinion that the setting aside of the former judgment and the granting of a rehearing merely to enable appellant to file a brief in the case would be of no benefit to him, and observing that no brief has been filed in support of the motion for rehearing, same will be overruled.

*Overruled.*